UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY JOHN MILANO,<br><br>Defendant. | Case No. 1:19-CR-00171-BLW<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Defendant Anthony John Milano's motion to revoke detention order. (Dkt. 37, 39.) The motion requests release under 18 U.S.C. Sections 3142(i) and 3145(c) in response to the coronavirus (COVID-19). The Government opposes the motion, arguing Mr. Milano remains danger to the community and he has not met his burden to show release is warranted under either section of the Bail Reform Act. (Dkt. 38.) For the reasons that follow, the Court will deny the motion.[1]

## BACKGROUND

### 1. Procedural History

Mr. Milano first came before the Court at his initial appearance on the criminal complaint filed charging possession of child pornography on May 3, 2019. (Dkt. 1, 5.) The

---

[1] Pursuant to General Orders Nos. 360, 362, 364, and 365, and because there is sufficient evidence in the record, the Court decides this motion without oral argument or in-court presentation of evidence based on the materials submitted in the record. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *3 (D. Md. March 17, 2020) ("While the Bail Reform Act is silent about whether the defendant is entitled to an in-court hearing on an appeal of a detention order, there is ample authority for the conclusion that the Court may decide the motion on the filings (including proffers by counsel) as opposed to a hearing.").

**ORDER - 1**

Government moved for detention based on the statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community, and that Mr. Milano poses a risk of flight and a danger to the community. (Dkt. 4.) A detention hearing was held on May 7, 2019, during which the parties made proffers, admitted exhibits, and presented arguments. (Dkt. 11.) After carefully considering the entire record, the Court ordered Mr. Milano detained. (Dkt. 11, 13.)

Specifically, the Court considered the Section 3142(g) factors. The Court looked at the nature and circumstances of the offense which involves Mr. Milano being charged with having possession of child pornography, including images of prepubescent minors. The Court weighed the probable cause determination made on the complaint and the Government's proffer of the evidence supporting the charges, notably: that child pornography was found in Mr. Milano's Dropbox accounts; the images included depictions of prepubescent children; that law enforcement had previously contacted Mr. Milano at least twice concerning his possession of child pornography; that Mr. Milano admitted to using different personas, online accounts, and devices to access child pornography; and that Mr. Milano continued to access child pornography online despite having been contacted by law enforcement and shortly after having completed treatment programs and juvenile probation.[2]

---

[2] The Court treats the briefs and materials submitted by both parties as proffers. *See* 18 U.S.C. § 3142(f)(2) (defendant may present information at bail hearing by proffer or otherwise); *United States v. Winsor*, 785 F.2d 755, 756–57 (9th Cir. 1986) (defendant and government may proceed in a detention hearing by proffer or hearsay).

ORDER - 2

The Court also evaluated Mr. Milano's history and characteristics which include his age, 19 at the time of his arrest; his prior illegal conduct of possessing child pornography; his prior charge of sexual exploitation of a child; that he has completed sex offender treatment; and his psychosexual evaluation concluding he is a high risk to reoffend. The Court noted Mr. Milano has family ties to the area and the support of his mother. Finally, the Court considered the nature and seriousness of the danger posed by Mr. Milano's release to any person or the community. In particular, his history of continuing to possess child pornography despite having been contacted by law enforcement, charged, and undergoing treatment.

The Court also reviewed the Pretrial Services Report recommending detention, which discussed Mr. Milano's family ties, release plan, employment, and criminal history. (Dkt. 18-1.) The Pretrial Services Report also states suffers from stress-induced seizures but he is not prescribed any medication. (Dkt. 11.)

Based on the foregoing, the Court found Mr. Milano had not rebutted the statutory presumption and that he represents a risk to the safety of other persons or the community under 18 U.S.C. Section 3142(e)(3)(A) and ordered Mr. Milano detained. (Dkt. 11, 13.) Notably, the Court concluded that the proposed plan of release to allow Mr. Milano to live with his mother and any restrictions on his movements and access to the internet, would not sufficiently address the risk Mr. Milano poses to the public given his history of accessing child pornography from several different locations, devices, and methods. The Court concluded there were no conditions or combination of conditions that would reasonably assure the safety of any other person and the community.

**ORDER - 3**

On May 15, 2019, Mr. Milano was charged by way of Indictment with possession of child pornography in violation of 18 U.S.C. Section 2252A(a)(5)(B). (Dkt. 16.) Mr. Milano was arraigned on the charge on May 22, 2019 and ordered detained based on the detention order previously entered. (Dkt. 18.) On October 29, 2019, Mr. Milano plead guilty to the charge of possession of child pornography. (Dkt. 26, 29.) Mr. Milano is currently detained at the Washington County Jail awaiting his sentencing set for June 3, 2020. (Dkt. 36.)

## 2. Mr. Milano's Motion to Revoke Detention

On April 10, 2020, Mr. Milano filed the motion for release pending before the Court. (Dkt. 37, 39.) Mr. Milano argues the prior continuances in this case, circumstances of his detention, and the COVID-19 pandemic and its potential consequences on the inmate population warrant his release under Section 3142(i) as necessary for preparation of his defense or another compelling reason. (Dkt. 37.) In his reply, Mr. Milano argues the COVID-19 pandemic is an exceptional reason for release under Section 3145(c). (Dkt. 39.)[3] Upon his release, Mr. Milano proposes residing with his mother, who will act as a third-party custodian, and be subject to stringent conditions, including home detention with electronic monitoring and prohibition on internet access. (Dkt. 37, 39.)

---

[3] Section 3142(i) applies to release or detention pending trial and, therefore, does not apply to Mr. Milano's motion as he has entered a guilty plea and is detained awaiting sentencing. The government's response and Mr. Milano's reply, however, discuss Sections 3143(a) and 3145, which are applicable here. (Dkt. 38, 39.) Accordingly, the Court will address Sections 3143(a) and 3145 in this Order. Even if Section 3142(i) were to apply, the Court would find that release under Section 3142(i) is not warranted because Mr. Milano has not shown his release is necessary for the preparation of his defense nor for any other compelling reason for the reasons stated herein.

The Government opposes the motion, arguing Mr. Milano was properly ordered detained, he remains a danger to the community, and the speculative prospect of a COVID-19 outbreak at the Washington County Jail does not warrant release under Sections 3143(a) or 3145(c). (Dkt. 38.) The Government points out that there are no known cases of COVID-19 at the Washington County Jail nor any evidence that the detention facility is unprepared to address such cases, if they arise. Further, the Government notes the proposed release plan will not sufficiently address the risk Mr. Milano poses to the public. (Dkt. 38 at 8.)

The Court has contacted Pretrial Services regarding Mr. Milano's request for release. The Pretrial Services Officer reports that Mr. Milano continues to pose a significant risk to the community and recommends he remain detained.

## ANALYSIS

**1.     Release Pending Sentencing Under 18 U.S.C. § 3143(a)**

Detention pending sentencing is mandated by 18 U.S.C. Section 3143(a)(2) where, as here, the person has been found guilty of an offense that is a crime of violence, unless the Court finds: 1) there is either a substantial likelihood that a motion for acquittal or new trial will be granted or the Government has recommended no sentence of imprisonment, *and* 2) that, by clear and convincing evidence, the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. §§ 3142(f)(1)(A), 3143(a)(2); *see also* 18 U.S.C. § 3156(a)(4)(C) (defining a "crime of violence" to mean any felony under chapter 110, including possession of child pornography). Mr. Milano has not made either showing required for release under Section 3143(a)(2).

Mr. Milano has plead guilty making acquittal or a new trial improbable and the Government has stated its intention to recommend a term of imprisonment. (Dkt. 38 at 7.) The initial presentence report further indicates that a sentence of imprisonment is likely. (Dkt. 35.) Mr. Milano's argument that he is eligible from probation or a sentence of time served appears, at this time, to be unlikely as such a sentence would necessitate a significant departure from the sentencing guideline range. (Dkt. 37 at 3, n. 2.) Moreover, as discussed above, the Court already determined that Mr. Milano poses a danger to the community and that there are no conditions or combination of conditions that would reasonably the safety of the community. Mr. Milano has not presented clear and convincing evidence changing that finding.

Neither Mr. Milano's proposed release plan nor the fact that he has plead guilty and may argue for a departure or reduction of his sentenced, mitigate the factors discussed above weighing in favor of his detention. The release plan is the same as was proposed at the detention hearing which the Court previously concluded does not reasonably ensure the safety of the community. The generalized risk from COVID-19 is also not clear and convincing evidence showing Mr. Milano is not a danger to the community. For these reasons, the motion will be denied.

**2.     Release Based on Exceptional Circumstances Under Section 3145(c)**

Section 3145(c) creates a narrow exception to Section 3143(a)'s general rule of detention. It provides, in relevant part, that: "A person subject to detention pursuant to section 3143(a)(2)..., and who meets the conditions of release set forth in section 3143(a)(1) ..., may be ordered released, under appropriate conditions, ... *if it is clearly shown that there*

*are exceptional reasons why such person's detention would not be appropriate*." 18 U.S.C. § 3145(c) (emphasis added). The conditions of release set forth in Section 3143(a)(1), if detention were not otherwise mandatory, require the court to find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1).

Mr. Milano has not shown, by clear and convincing evidence, that he does not pose a danger to the safety of the community as set forth in Section 3143(a)(1). As such, he does not meet the threshold requirement for release under Section 3145(c) irrespective of whether exceptional reasons have been shown to exist. Even if Mr. Milano had made the threshold showing, exceptional reasons have not been shown to warrant his release here.

"Exceptional reasons" exist when, looking at the totality of the circumstances in a given case, the court determines there are "truly unusual factors or combination of factors" making detention unreasonable. *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003) (discussing illustrative examples of exceptional reasons); *see also United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) ("[E]xceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary.").

Here, Mr. Milano argues his continued confinement at the Washington County Jail increases his risk of exposure to COVID-19 infection. (Dkt. 37, 39.) While serious illness can, in certain circumstances, constitute an exceptional reason, *Garcia*, 340 F.3d at 1019-1020, Mr. Milano has no such medical condition and the generalized concern of exposure

to COVID-19 while in custody does not present such a circumstance. Nor are there any other factors weighing in favor of finding exceptional reasons in this case.

The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the health risks it presents the public at large as well as those in custody.[4] The existence of the COVID-19 pandemic and the speculative risk of becoming infected, however, are not exceptional reasons for release in this case. Mr. Milano has no underlying health conditions or factors placing him at a higher risk of severe complications were he to become infected with COVID-19. Mr. Milano is 20 years old. While he reported to Pretrial Services that he has stress-induced seizures, he is not prescribed any medications and that condition is not one that is recognized as placing a person at a heightened risk from COVID-19 infection.

Moreover, there are no known COVID-19 cases currently reported at the Washington County Jail where Mr. Milano is currently housed. Mr. Milano has not shown that, even if a positive case arises, the facility is unprepared to contain the virus or care for those who may become infected. The facility has a COVID-19 procedure in place which includes preventative measures as well as protocols for addressing the circumstance should a positive case arise. Simply, Mr. Milano has not shown any exceptional reasons in this case for his release.

---

[4] The COVID-19 outbreak in the United States and its impact were not known to the Court and counsel at the time of the May 7, 2019 detention hearing, which occurred several months prior to the outbreak.

**ORDER - 8**

For all of these reasons, the Court will deny Mr. Milano's motion for release pending sentencing.

## ORDER

THEREFORE IT IS HEREBY ORDERED that the Motion for Release Pending Sentencing (Dkt. 37) is **DENIED**.

DATED: April 24, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge

**ORDER - 9**